LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff from a judgment of the Court below sustaining exceptions of prescription and no cause of action. The petition in question reads as follows:
“To the Honorable, the 16th Judicial District Court, Parish of St. Mary, State of Louisiana:
“This, the petition of Elie Bergeron, a resident of the Parish of St. Mary, State of Louisiana, with respect represents :
“1. That the Petroleum Helicopters, Inc., a Louisiana corporation domiciled in Lafayette, Louisiana, is justly, truly and legally indebted unto and in favor of your petitioner in the just and full-sum of $384 and for this cause to-wit:
“2. That during the month of July, 1956, a helicopter belonging to the defendant and being operated by one of their agents, the name petitioner does not know, fell into a cane field belonging to the petitioner and located in the Parish of St. Mary, and did cause damages thereto.
“3. That the damages were estimated by impartial appraisers satisfactory to both plaintiff and defendant and the sum was fixed at $592.00 as the damages.
“4. That on the date of June 26, 1956, your petitioner was offered the sum of $384.00 in settlement of the account as shown by the letter of November 26, 1956, hereto attached and made a part hereof and for identification herewith and marked Exhibit ‘A’.
“5. That on July 6, 1957, your petitioner wrote to the defendant inquiring as to why the check of $384.00 had *323 not been forthcoming and requested that it be paid immediately in order that litigation might be avoided, all as is shown by copy of the letter which is hereto attached and made a part hereof and for identification herewith marked Exhibit ‘B\
“Petitioner further avers notwithstanding amicable demand, the defendants have refused to pay the $384.00 is now justly due and owing to your petitioner.
“Wherefore, petitioner prays for:
“1. Service and citation upon the defendants.
“2. Judgment in favor of the plaintiff and against the defendant in the sum of $384.00 with legal interest from date of judicial demand and all costs of court.
“Petitioner further prays for all general and equitable relief.”
While it will be noted that the petition (Paragraph 2) alleges that the damage occurred in July, 1956, the record indicates that the actual date of the accident was February 8, 1956. We are informed that counsel for appellant admitted the correctness of this latter date on the trial of the exceptions before the Court below and, the plaintiff is, of course, bound by the admission. As the suit was not filed until October 2, 1957, and there is nothing to show where prescription was interrupted, more than one year elapsed between the happening of the tort and the filing of suit and the cause of action sounding in damages had prescribed.
While the petition is entitled “Suit for Damages”, it will be seen from a reading of Paragraphs 4 and 5 thereof that reference is made to certain letters which counsel apparently rely upon as constituting a compromise. Exhibit “A”, referred to in Paragraph 4, reads as follows:
“Petroleum Helicopters Inc.
“F. O. Drawer Lafayette*
“2150, S.L.I. Phone CE 5-2456 La.
“November 26, 1956
“Mr. E. A. Bergeron
“Berwick, Louisiana
“Dear Mr. Bergeron:
“I have been informed by our attorneys that the insurance underwriters for our organization, Aero Associates, are unable to offer more than $384.00 to amicably settle your claim. I understand that their decision has been based on your supervisor’s statement to the adjuster.
“Should you feel that you would accept this settlement, please contact Norman & Norman, 16th Floor Hibernia Bank Building, New Orleans, Louisiana.
“Yours very truly,
“/s/ Frank W. Lee
“Frank W. Lee
“Vice President
“FWLrnl”
And, Exhibit “B”, referred to in Paragraph 5, reads as follows:
“Blanchard & Blanchard
“Attorneys at Law
“Donaldsonville, La.
“July 6, 1957
“C. A. Blanchard
“F. A. Blanchard
“Petroleum Helicopters Inc.
“P. O. Drawer 2150
“Lafayette, La.
“IN RE: E. A. Bergeron
“VS: $384.00
“Aero Associates
“Gentlemen:
“In connection with your letter of November 26, I beg to advise that Mr. Bergeron called on Normann & Normann during the latter part of January or the beginning of February and advised that he would accept the $384.00 in settlement. Nothing has been heard from them since. We would like to get this matter settled without any further delay. Let me have check for the full amount if litigation is to be avoided.
“Very truly yours,
“Blanchard & Blanchard
“By: --
“SG.”
LSA-C.C.Art. 3071, defines a compromise as follows:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
*324 "This contract must he reduced into writing ." (Emphasis supplied.)
The most that can be said of Exhibit “A” is that it was an offer to compromise. There is nothing to show that it was reduced to writing, or, actually, that it was even accepted. Indeed, Exhibit “B” indicates that it was not reduced to writing and evidences at most an attempt to belatedly accept the earlier invitation to compromise. The two documents do not, to our minds, constitute a valid compromise and the suit, therefore, does not state a cause of action on that basis.
Feeling that both exceptions are well founded, the judgment appealed from is affirmed.
Judgment affirmed.